# EXHIBIT A

# SUPREME COURT - STATE OF NEW YORK

PRESENT: HON. JACK L. LIBERT,
                Justice.

---

Bay Park Center for Nursing & Rehabilitation LLC d/b/a Bay Park Center for Nursing & Rehabilitation LLC, Brookhaven Rehabilitation & Heath Care Center LLC d/b/a Brookhaven Rehabilitation & Health Care Center LLC, Caring Family Nursing & Rehabilitation Center d/b/a New Surfside Nursing Home LLC, Eastchester Rehabilitation & Health Care Center d/b/a Eastchester Rehabilitation & Health Care Center LLC, Golden Gate Rehabilitation & Health Care Center d/b/a Golden Gate Rehabilitation & Health Care Center LLC, Grace Plaza Nursing and Rehabilitation Center d/b/a Pinegrove Manor LLC, Nassau Rehabilitation & Nursing Center d/b/a Nassau Operating Company, LLC, Park Avenue Extended Care Facility d/b/a Park Avenue Operating Company, LLC, South Point Plaza Nursing and Rehabilitation Center d/b/a Bayview Manor LLC, Spring Creek Rehab & Nursing Care Center d/b/a Willoughby Rehabilitation & Health Care Center LLC, The Hamptons Center for Rehabilitation and Nursing d/b/a North Sea Associates, LLC, Throgs Neck Rehabilitation & Nursing Center d/b/a Throgs Neck Operating Company, LLC, and Townhouse Center for Rehabilitation and Nursing d/b/a Townhouse Operating Company,

                Plaintiffs,

   -against-

Bent Philipson, Avi Philipson and Deborah Philipson,

                Defendants.

TRIAL PART 20
NASSAU COUNTY

MOTION # 01
INDEX # 609877/2019
MOTION SUBMITTED:
AUGUST 18, 2020

---

The following papers having been read on this motion:

    Notice of Motion/Order to Show Cause..........1
    Cross Motion/Answering Affidavits................2
    Memorandum of Law.........................................3

The instant motion to intervene relates to the issues alleged in 26 lawsuits from nine different

counties within the state. Plaintiffs in the instant action are defendants in many of the other actions and the proposed Intervenors are plaintiffs in those actions. These 26 actions are the subject of an application to the New York State Litigation Coordinating Panel (see, 22 NYCRR 202.69) for consolidation with the case at bar.

On November 25, 2019 (four months after the commencement of this action, the parties filed a proposed stipulation of discontinuance with prejudice (NYSCEF document 36). Plaintiffs assert (Fleischmann affirmation ¶¶2,3) that " there is no longer an active action in which the proposed intervenors (or anyone else) can attempt to intervene" (Citing *Suffolk Cnty. Water Auth. v. Hendrickson Bros., Inc.*, 2017 N.Y. Misc. LEXIS 2238, 2017 N.Y. Slip. Op. 31224[U] [Sup. Ct. Suffolk Co. June 5, 2017]). That assertion is incorrect.

CPLR §3217 (a) states that a party may discontinue an action without leave of the court, provided that the party does so "within twenty days after service of the pleading asserting the claim." CPLR §3217 (b) states, " Except as provided in subdivision (a), an action shall not be discontinued by a party asserting a claim except upon order of the court and upon terms and conditions, as the court deems proper."

CPLR §§1012 and 1013 respectively provide for intervention as a matter of right or as a matter of court discretion. Provisions dealing with intervention should be liberally construed (*Plantech Hous., Inc. v. Conlan*, 74 A.D.2d 920, 426 N.Y.S.2d 87 [2d Dep't 1980]). The proposed Intervenors submit that their equitable rights of subrogation under Worker's Compensation Law §29 entitle them to intervene as a matter of statute (*citing Teichman*, 87 N.Y.2d at 521). Plaintiffs do not rebut this claim of statutory right, rather they argue that the motion is moot due to the unapproved stipulation of discontinuance. For this reason alone intervention should be granted. Perhaps more important the inclusion of the proposed intervenors will result in identity of the parties in the instant action and the 26 other action. The issues will also be the same for the most part. The motion to intervene is granted.

By decision dated April 30, 2020 the Hon. Joseph J. Maltese, J.S.C. (Oneida County) as Presiding Justice of the Coordinating Panel with the signed consent of the other members of the panel ordered:

> ... that Oneida County shall be the situs for the coordination of all the causes of action listed in Appendix A [the 26 pending actions], and any other subsequently filed actions concerning the claims of Oriska Corporation and Employer-Defendants against Oriska Corporation; and

it is further...

ORDERED, that Clerks of the Supreme Courts for the counties where the original causes of action were filed as listed in Appendix A are directed to transmit the files in the listed actions that are pending in said counties to the Clerk of the Supreme Court, Oneida County who shall ensure that those files are uploaded into those coordinated cases under title "In Re Oriska Corporation," under a separately filed index number issued by the Oneida County Clerk; and it is further

ORDERED, that with respect to any additional similar actions against the same defendants that are filed in any county of this state, upon service of a copy of this Decision and Order of the Panel with notice of entry upon the Clerk of the Court in which any such additional similar action is or hereafter shall be pending (other than the Supreme Court of Oneida County), said Clerk shall forthwith transfer to the Supreme Court of Oneida County the file in any such additional action that is to join in the Coordination as provided in this Decision and Order in compliance with the Uniform Civil Rules § 202.69...

It is,

ORDERED, that the motion for leave to intervene is granted; and it is further

ORDERED, that receipt of submission of a copy of this order with notice of entry the Nassau County Clerk shall to transmit the file in the instant action to the Clerk of the Supreme Court, Oneida County.

ENTER

DATED: September 29, 2020

**ENTERED**
Oct 07 2020
NASSAU COUNTY
COUNTY CLERK'S OFFICE

HON. JACK L. LIBERT
J.S.C.