```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
BAY PARK CENTER FOR NURSING &
REHABILITATION LLC et al.,

                            Plaintiffs,        ORDER
                                               2:20-CV-6291-NGG-SJB
         -against-                             21-CV-1999-NGG-SJB
                                               21-CV-2006-NGG-SJB
                                               2:21-CV-2009-NGG-SJB
    BEN PHILIPSON, et al.,                     2:21-CV-2021-NGG-SJB
                                               2:21-CV-2025-NGG-SJB
                            Defendants.        2:21-CV-2030-NGG-SJB
                                               21-CV-2031-NGG-SJB
                                               21-CV-2034-NGG-SJB
                                               21-CV-2035-NGG-SJB
                                               21-CV-2045-NGG-SJB
-----------------------------------------------------------------X
```

**BULSARA, United States Magistrate Judge:**

The Allstate Defendants[1] (the "Fee Applicants") have filed a motion seeking an award of attorney's fees. (Mot. for Att'y Fees dated July 6, 2022 ("Mot. for Att'y Fees"), Dkt. No. 65). For the reasons stated below, the motion is granted in part.

FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The Court assumes familiarity with the facts of this action as set forth in Judge Garaufis's May 27, 2021 Order (the "May 27 Order") granting motions to remand related lawsuits filed in New York State Supreme Court and dismissing 11 other lawsuits

---

[1] The Allstate Defendants are: Benjamin Landa, The Landa Group, Patrick Formato, Yechiel Landa, Sam Schlesinger, The Schlesinger Family Trust, Allstate ASO, Inc., Allstate Administrators, Inc., Parkview Care and Rehabilitation Center, Inc, Bayview Manor LLC, Nassau Operating Co., LLC, Pinegrove Manor II, LLC,-Grace Plaza, Woodmere Rehabilitation & Health Care Center., Inc., Brookhaven Rehabilitation & Health Care Center, Little Neck Care Center, LLC, New Surfside Nursing Home, LLC-Caring Family Nursing & Rehabilitation, Golden Gate Rehab. & Health Care Ctr. LLC, Willoughby Rehab. & Health Care Ctr., LLC, and Shorefront Operating, LLC. (Notice of Mot. dated July 6, 2022, Dkt. No. 65 at 2 n.1).

commenced in federal court. *Percy v. Oriska Gen. Contracting*, No. 20-CV-6131, 2021 WL 2184895, at *1 (E.D.N.Y. May 27, 2021), *appeal withdrawn sub nom. Broad Coverage Serv., Inc. v. Oriska Ins. Co.*, No. 21-295, 2021 WL 4399676, at *1 (2d Cir. Sept. 1, 2021), *and aff'd sub nom. Hall v. Oriska Corp. Gen. Contracting*, No. 21-1564, 2022 WL 17420307, at *3 (2d Cir. Dec. 6, 2022). The actions were "shareholder derivative suits seeking reimbursement of unpaid insurance premiums." *Id.*

Eleven of these cases are now the subject of the present motion for attorney's fees. The first of these cases, *Bay Park Center for Nursing & Rehabilitation LLC v. Philipson* (the "Bay Park Action"), was removed to this Court on December 29, 2020 by Defendants Donna Hodge, Annette Hall, Karen Grant Williams, and Alexi Arias as the Class Representatives (collectively, the "Class Defendants"). (*See* Notice of Removal filed Dec. 29, 2020, Dkt. 2:20-CV-6291, Dkt. No. 1 at 4; Mem. of Law in Supp. of Allstate Defs.' Mot. ("Mem."), attached as Ex. 1 to Mot. for Att'y Fees, at 2).

The other ten actions were initially removed on January 27, 2021 by the Class Defendants under the caption *Oriska Corp. v. North Sea Associates, LLC*, Dkt. 2:21-CV-454. (Mem. at 3). Judge Garaufis closed that case on April 9, 2021 after finding that the Class Defendants "attempted to aggregate numerous removal applications under one index number" and removal was, therefore, "improperly made." (Order dated Apr. 9, 2021, Dkt. 2:21-CV-454). In April 2021, the Class Defendants removed the 10 cases as individual matters.[2] (Mem. at 3). In response, the Fee Applicants prepared motions to

---

[2] *See* Notice of Removal dated Apr. 14, 2021, Dkt. 21-CV-1999, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 21-CV-2006, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 2:21-CV-2009, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 2:21-CV-2021, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 2:21-CV-2025, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 2:21-CV-2030, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 21-CV-2031, Dkt. No. 1; Notice of Removal

2

remand, and filed other letters, briefing schedules, and pre-motion letters to remand in several actions. (*Id.*).

Each of these cases was ultimately assigned to Judge Garaufis, who granted the motions to remand, stating that the "attempts on behalf of the Class Representatives to remove these actions were objectively unreasonable" and that the "remanding parties [were] entitled to reasonable attorneys' fees and costs." *Percy*, 2021 WL 2184895, at *10. "If the parties [could not] agree on the amount to be reimbursed," the remanding parties were directed to "submit a bill of costs and a fee application to this court." *Id.*

On July 12, 2021, the Fee Applicants filed an Affirmation of Services Rendered. (*See* Dkt. No. 59). In response, the Court directed the Fee Applicants to submit a single, consolidated motion for attorney's fees in compliance with Local Civil Rule 7.1, while making reference to each of the cases for which fees were sought. (Order dated Jan. 27, 2022). The Court noted that any motion should also comply with the Order to Show Cause issued in related case, Dkt. 2:21-CV-2010, by including, for example, attorney biographies and justifications for rates requested. (*Id.*).

The Fee Applicants filed a motion for attorney's fees in several of the relevant cases. (Mot. for Att'y Fees dated Feb. 10, 2022, Dkt. No. 62). This Court denied the motion without prejudice, identifying several deficiencies in the motion, including a failure to allocate tasks to specific actions or docket numbers and the practice of block-billing in time records. (Order dated June 6, 2022, Dkt. No. 64 at 6–8). The Court granted leave to make a renewed application, and the present motion was timely filed on

---

dated Apr. 14, 2021, Dkt. 21-CV-2034, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 21-CV-2035, Dkt. No. 1; Notice of Removal dated Apr. 14, 2021, Dkt. 21-CV-2045, Dkt. No. 1.

3

July 6, 2022. (*Id.* at 8; Mot. for Att'y Fees). No opposition to the renewed motion was filed. On July 22, 2022, the Court separately awarded $36,557.50 in fees to Ira Lipsius and the "Healthcare Defendants"—various healthcare and rehabilitation employer defendants who filed motions to remand in several related lawsuits—for work performed by Lipsius-BenHaim Law, LLP. *Oriska Corp. v. Garden Care Ctr., Inc.*, No. 2:20-CV-6291, 2022 WL 2834940, at *5 (E.D.N.Y. July 20, 2022) (adopting report and recommendation).

## DISCUSSION

"Our basic point of reference when considering the award of attorney's fees is the bedrock principle known as the American Rule[.]" *Zurich Am. Ins. Co. v. Team Tankers A.S.*, 811 F.3d 584, 590 (2d Cir. 2016). Under the American Rule, "[e]ach litigant pays his own attorney's fees, win or lose, unless a statute or contract provides otherwise." *Hardt v. Reliance Standard Life Ins. Co.*, 560 U.S. 242, 253 (2010). Only if a statute contains "specific and explicit provisions for the allowance of attorneys' fees," may a court award them. *Baker Botts L.L.P. v. ASARCO LLC*, 576 U.S. 121, 126 (2015) (quotations omitted).

As noted above, Judge Garaufis already concluded that the Fee Applicants are entitled to attorney's fees in light of the lack of an "objectively reasonable basis for seeking removal." *Percy*, 2021 WL 2184895, at *9–*10 (quoting *Martin v. Franklin Cap. Corp.*, 546 U.S. 132, 141 (2005)). Therefore, the only question before this Court is the reasonableness of the award sought by the Fee Applicants.

### I. Hourly Rates

The "starting point" for determining the amount of attorney's fees to be paid by Defendants is calculation of the "lodestar," which is "the product of a reasonable hourly

4

rate and the reasonable number of hours required by the case." *Millea v. Metro-N. R.R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011).

When assessing whether legal fees are reasonable, the Court determines the "presumptively reasonable fee" for an attorney's services by examining what reasonable clients would be willing to pay. *See Arbor Hill Concerned Citizens Neighborhood Ass'n v. County of Albany*, 522 F.3d 182, 183–84 (2d Cir. 2008). To calculate the presumptively reasonable fee, a court must first determine a reasonable hourly rate for the legal services performed. *Id.* The next step is to determine the reasonableness of the hours expended by counsel. *See, e.g.*, *LaBarbera v. Empire State Trucking, Inc.*, No. 07-CV-669, 2008 U.S. Dist. LEXIS 125161, at *9 (E.D.N.Y. Feb. 26, 2008), *report and recommendation adopted*, 2008 U.S. Dist. LEXIS 21770, at *3 (Mar. 17, 2008). The number of hours spent on a lawsuit are considered unreasonable if they are excessive, redundant, or unnecessary. *See, e.g.*, *LaBarbera v. Frank J. Batchelder Transp. LLC*, No. 08-CV-3387, 2009 WL 240521, at *4 (E.D.N.Y. Feb. 2, 2009) (citing *Gierlinger v. Gleason*, 160 F.3d 858, 876 (2d Cir. 1998)) (adopting report and recommendation). "District courts have broad discretion, using their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of each component of a fee award." *Finkel v. Captre Elec. Supply Co.*, No. 14-CV-3584, 2015 WL 5316257, at *5 (E.D.N.Y. July 31, 2015) (quotations omitted), *report and recommendation adopted*, 2015 WL 5330388, at *1 (Sept. 11, 2015).

The Fee Applicants seek a total of $37,640 in attorney's fees. (Aff. of Christopher E. Buckey ("Buckey Aff."), attached as Ex. 2 to Mot. for Att'y Fees, ¶¶ 20–21). Turning first to the reasonable hourly rate, the Court examines the experience and qualifications of counsel seeking the fee award. The application is made by attorneys Christopher E.

5

Buckey, a partner at the law firm of Cullen and Dykman LLP ("C&D") and Timothy A. Chorba, an associate at C&D. (*Id.* ¶¶ 1, 15). The Fee Applicants seek $450 per hour for Buckey and $200 per hour for Chorba. (Mem. at 6; Buckey Aff. ¶¶ 14–15). They routinely bill at an hourly rate of $550–615 and $350, respectively. (Mem. at 6–7).

Buckey graduated from Albany Law School in 1998. (Buckey Aff. ¶ 14). He joined C&D in 2017 as partner and had 21 years of commercial litigation experience at the time of his work in this action, including trial and appellate experience in both state and federal court. (*Id.*; *see* Att'y Biographies, attached as Ex. E to Mot. for Att'y Fees, at 1). Prior to joining C&D, Buckey was a partner at Whiteman, Osterman, and Hanna LLP, where he was co-chair of the litigation practice group and a member of the executive committee. (Buckey Aff. ¶ 14).

Chorba graduated from Georgetown University Law Center in 2017 and had three years of commercial litigation experience in a broad range of matters at the time of his work in this case, having practiced in both state and federal court. (*Id.* ¶ 15).

In determining the lodestar, courts "should generally use the hourly rates employed in the district in which the reviewing court sits in calculating the presumptively reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotations omitted). Under this rule, the Court is guided by the rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Brown v. Green 317 Madison, LLC*, No. 11-CV-4466, 2014 WL 1237448, at *5 (E.D.N.Y. Feb. 4, 2014) (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)), *report and recommendation adopted*, 2014 WL 1237127, at *1 (Mar. 25, 2014). "In this district, approved hourly rates for attorneys normally range from $200 to $450 for partners in law firms, $200 to $325 for senior associates, [and]

6

$100 to $200 for junior associates[.]" *Liu v. Little Saigon Cuisine Inc.*, No. 18-CV-2181, 2023 WL 1785544, at *2 (E.D.N.Y. Feb. 6, 2023) (quotations omitted).

Although the legal issues in these actions were relatively straightforward—namely, removal and remand—the proceedings, which involved coordination among several different class actions and large groups of defendants, were complex. Given the attorneys' experience and performance, and the relative complexity of the work, the Court finds that an award at the higher end of the respective range—$450 per hour for Buckey and $200 per hour for Chorba—is appropriate.

The Fee Applicants also seek an hourly rate of $100 for one of the firm's paralegals who worked on these matters. (Buckey Aff. ¶ 19). As to paralegals, courts in this District have held that a range of $70 to $100 per hour constitutes a reasonable fee. *Liu*, 2023 WL 1785544, at *2; *Div. 1181 Amalgamated Transit Union-N.Y. Emps. Pension Fund v. D & A Bus Co.*, 270 F. Supp. 3d 593, 619 (E.D.N.Y. 2017) (adopting report and recommendation). Here, an unnamed paralegal, who is identified on the billing records by the initials "AW," billed 4.7 hours to edit, finalize, and file various court documents. (*See* Chart of Legal Tasks, attached as Ex. D to Mot. for Att'y Fees, at 9–10). No resume or background information for the paralegal was submitted. Although such deficiency would enable the Court to deny fees for the unnamed paralegal altogether, or at least postpone the determination of a reasonable hourly rate, the Court finds that an award at the lower end of the spectrum for paralegals—$70 per hour—is appropriate. *See, e.g.*, *Feltzin v. Union Mall LLC*, 393 F. Supp. 3d 204, 214 (E.D.N.Y. 2019) (awarding unnamed paralegal an hourly rate of $70, the lowest in the applicable range); *D & A Bus Co.*, 270 F. Supp. 3d at 622–23 (E.D.N.Y. 2017) (reducing hourly rates for paralegals because no biographical information was provided and the court

7

therefore "lack[ed] the essential details needed to determine the overall reasonableness of the fees sought").

    II.    <u>Hours Billed</u>

Turning to the reasonableness of time expended, courts look to the "contemporaneous time records" of the attorney. The Second Circuit requires that "any attorney . . . who applies for court-ordered compensation in this Circuit . . . document the application with contemporaneous time records." *N.Y. State Ass'n for Retarded Children, Inc. v. Carey*, 711 F.2d 1136, 1148 (2d Cir. 1983). Those records "should specify, for each attorney, the date, the hours expended, and the nature of the work done." *Id.* To be contemporaneous, the time records "must be made . . . while the work is being done or . . . immediately thereafter." *Handschu v. Special Servs. Div.*, 727 F. Supp. 2d 239, 249 (S.D.N.Y. 2010). "Descriptions of work recollected in tranquility days or weeks later will not do." *Id.* "The contemporaneous time records requirement is strictly enforced[.]" *Valentine v. Aetna Life Ins. Co.*, No. 14-CV-1752, 2016 WL 4544036, at *7 (E.D.N.Y. Aug. 31, 2016).

Counsel submitted contemporaneous billing records showing the legal services rendered by C&D for work performed, including the dates that the services were provided, the amount of time during which services were provided, and the initials of the attorney. (*See* C&D Invoices, attached as Ex. C to Mot. for Att'y Fees). They stated they "endeavored to address concerns outlined in the Court's Order dated June 6, 2022"—including the practice of block-billing and the failure to allocate tasks to a specific case number—by "creat[ing] a chart that estimates the amount of time spent on a particular task" within each billing entry and "correlates the tasks completed to the index numbers of the actions they relate to." (Buckey Aff. ¶ 13; Chart of Legal Tasks).

8

The "estimates and correlations" are based upon a review of docket sheets and the firm's email. (Buckey Aff. ¶ 13).

According to the billing records submitted, counsel spent a total of 129.4 hours on these matters, consisting of 48.3 hours by Buckey, 76.4 hours by Chorba, and 4.7 hours by the paralegal. (*See* Chart of Legal Tasks).

"In reviewing a fee application, the court should exclude excessive, redundant or otherwise unnecessary hours." *Brown*, 2014 WL 1237448, at *10 (collecting cases) (quotations omitted); *John v. DeMaio*, No. 15-CV-6094, 2016 WL 7469862, at *8 (E.D.N.Y. Sept. 29, 2016) ("[A] trial court may reduce the claimed hours and, accordingly, counsel's award, where proposed billing schedules are unsupported by evidence or objectively unreasonable."), *report and recommendation adopted*, 2016 WL 7410656, at *4 (Dec. 22, 2016). "Where entries on a time sheet are vague, duplicative, or otherwise insufficient, a court need not itemize individual entries as excessive; rather, it may make an across-the-board reduction, or percentage cut, in the amount of hours." *John*, 2016 WL 7469862, at *8 (quotations omitted); *see also Ortiz v. City of New York*, 843 F. App'x 355, 360 (2d Cir. 2021) ("When there are problems with billing records, such as vague entries or block-billing, we have approved the use of percentage cuts as a practical means of trimming fat from a fee application." (quotations omitted)). "[I]t is less important that judges attain exactitude, than that they use their experience with the case, as well as their experience with the practice of law, to assess the reasonableness of the hours spent." *John*, 2016 WL 7469862, at *9 (quotations omitted).

As an initial matter, the Court declines to award fees for the hours logged solely in connection with matters 2:21-CV-454 and 21-CV-1366. The first case is associated with *Oriska Corp. v. North Sea Associates, LLC* (the "North Sea Action"), which was

closed on April 9, 2021 after Judge Garaufis found that Class Defendants' removal was improper. Thus, while the Fee Applicants "collaborated with Lipsius BenHaim Law in moving to remand the North Sea Action," (Mem. at 3), this action is not eligible for fee recovery here since it was remanded *prior* to, and is not one of the actions eligible under, the May 27 Order. *See Percy*, 2021 WL 2184895, at *2; *see also Garden Care Ctr., Inc.*, 2022 WL 2834940, at *5.

The second case, *Hodge v. All American School Bus Corp.* (the "Hodge Action"), was filed on March 15, 2021 by the Class Defendants, Albert E. Percy, and Percy Jobs and Careers Corporation as the Class Representative. (Compl., Dkt. 21-CV-1366, Dkt. No. 1). Since that case was brought in federal court in the first instance, the Fee Applicants did not prepare and file any motion to remand. In his May 27 Order, Judge Garaufis exercised his discretion under the removal statute, 28 U.S.C. § 1447(c), to award fees where the removing party lacked an "objectively reasonable basis for seeking removal," namely the failure to comply with the rule of unanimity. *Percy*, 2021 WL 2184895, at *9. Judge Garaufis's order, therefore, did not contemplate a fee award for the suits originally filed in federal court that did not involve remand motions.

As such, the work in both of these cases was not fully compensable under the May 27 Order. The Court nevertheless credits that some of the work reflected in their associated billing entries (*e.g.*, research, strategy consultations, and drafting) was part and parcel of counsel's work in preparing the subsequent motions to remand that were the subject of the May 27 Order and the present omnibus motion. *Cf. Holick v. Cellular Sales of N.Y., LLC*, 48 F.4th 101, 106 (2d Cir. 2022) ("[A]ttorney's fees may be awarded for unsuccessful claims as well as successful ones where they are inextricably

10

intertwined and involve a common core of facts or are based on related legal theories." (quotations omitted)).

The total number of hours billed exclusively for these two cases was 36.8, including 22 hours by Buckey and 14.8 hours by Chorba. The Court finds an overall reduction of 50% for the time spent solely on the North Sea Action and Hodge Action appropriate.[3] *E.g.*, *Poulos v. City of New York*, No. 14-CV-03023, 2018 WL 3750508, at *13 (S.D.N.Y. July 13, 2018) (applying 50% reduction where billing entries included mix of recoverable and non-recoverable matters), *report and recommendation adopted*, 2018 WL 3745661, at *1 (Aug. 6, 2018).

Separately, the Fee Applicants have not cured the block-billing deficiencies identified in the Court's June 6, 2022 Order. The Fee Applicants attempted to distill tasks to their component parts by estimating—in essence, reconstructing—the amounts of time attributable to each task within a larger entry. (*See* Buckey Aff. ¶ 13; Chart of Legal Tasks). They have done so retrospectively, by reviewing contemporaneous email and case records. But it is nearly impossible to reconstruct old billing entries accurately, and such estimations—which were only made *after the fact* in anticipation of this renewed motion and were, therefore, non-contemporaneous—warrant a reduction in fees. *Sentry Ins. a Mut. Co. v. Brand Mgmt. Inc.*, No. 10-CV-347, 2013 WL 2644675, at *4 (E.D.N.Y. June 12, 2013) ("[W]here a block-billed entry includes work both related and unrelated to the current fee application, plaintiff has manually modified the time

---

[3] There are some entries in the billing records that counsel has assigned to two or more docket numbers, at least one of which is either the Hodge or North Sea Actions, and another that is one of the 11 cases that are the subject of the May 27 Order. The Court has chosen not to exclude hours that contain these dual designations, even though some of the work pertained to non-compensable cases, because of the limited number of hours involved.

11

entry . . . . Presumably, plaintiff made an *ad hoc* estimate, which is precisely the reason courts find block billing to be a disfavored practice in fee applications. Therefore, the Court finds that a ten percent reduction in the number of hours is warranted[.]" (citations omitted)); *Penberg v. HealthBridge Mgmt.*, No. 08-CV-1534, 2011 WL 1100103, at *8 (E.D.N.Y. Mar. 22, 2011) ("The hour adjustments submitted to the Court with this motion were clearly not kept contemporaneously and merely represent estimations prepared for the purposes of this motion. In part, this problem is exacerbated by counsel's practice of billing multiple tasks in one block of time, making it difficult to separate out individual tasks. However, since the portions of the descriptions that are visible are compensable, the Court has awarded fees for these entries, but has reduced the hours requested by 10% where the hours have been manually changed." (citations omitted)).

 Here, the block-billing problem is compounded by the prevalence of vague and incomplete entries within the billing records. The descriptions of many entries are ambiguous and give little sense as to the legal or non-legal nature of the work, or the task performed. For example, counsel billed a total of approximately 3 hours to "[a]ttend to remand motion," 5 hours to "[a]ttend to EDNY Action," 2.5 hours to "[a]ttend to filing in EDNY," 1.5 hours to "[a]ttend to EDNY matters," and 5 hours to "[w]ork on remand motions." (*See* Chart of Legal Tasks at 1–4, 6–7). No further explanation is provided for any of these entries. Several entries related to phone or email correspondence also fail to specify the nature or subject of those communications. For instance, the billing records reflect—on four separate occasions—time spent on a "[c]all with S. Schlesinger" without more. (*Id.* at 1, 3, 5, 7).

Separately, the Court's Order to Show Cause in Dkt. 2:21-CV-2010 indicated that vague entries, such as "work on removal brief," were non-compensable. (Order to Show Cause dated Jan. 5, 2022, Dkt. 2:21-CV-2010). The Fee Applicants evidently have not complied with this order, despite being instructed to do so, *see supra* at 3. (Order dated Jan. 27, 2022). Those vague entries remain in the present submission, *see supra* at 12. And so the block-billed entries—which span large amounts of time, including 6.6 hours on May 10, 5 hours on May 13, and 6.4 hours on May 14—do not contain sufficient detail to demonstrate whether the time is compensable (for example, whether it is excessive or redundant or whether it is work counsel performed, which should have been performed by a junior lawyer or non-legal professional). (Chart of Legal Tasks at 8–10); *see Green v. City of New York*, 403 F. App'x 626, 630 (2d Cir. 2010) ("[T]he obfuscation inherent in block billing frequently renders it impossible to determine the reasonableness of specific charges aggregated within the block billing." (quotations omitted)); *e.g.*, *Miroglio S.P.A. v. Conway Stores, Inc.*, 629 F. Supp. 2d 307, 313 (S.D.N.Y. 2009) ("In addition, there are numerous vague entries throughout the time records, such as 'letter to Dweck,' 'telephone call to Dweck,' and 'discussion with Dweck.' Such entries are overly vague.") (collecting cases).

As the Fee Applicants acknowledge—by indicating that they attempted to avoid duplication, (*see* Mem. at 6)—they are not entitled to recover fees for work that overlaps with that of the Healthcare Defendants, who also sought remand on the same grounds. *Garden Care Ctr., Inc.*, 2022 WL 2834940, at *2; *see Raja v. Burns*, 43 F.4th 80, 87 (2d Cir. 2022) ("[A] district court properly excludes documented hours that are excessive, redundant, or otherwise unnecessary." (quotations omitted)). In light of all of these deficiencies and the overlap, the Court finds it appropriate to further reduce the total

hours expended by counsel. *Caban v. Emp. Sec. Fund of the Elec. Prods. Indus. Pension Plan*, No. 10-CV-389, 2015 WL 7454601, at *7 (E.D.N.Y. Nov. 23, 2015) ("There are also some vague entries, such as those for time spent on document review, consultations, and phone calls, which do not contain further elaboration. . . . [V]ague descriptions make it difficult to determine the reasonableness of the time spent on particular tasks and warrant a reduction in attorney's fees."); *Feltzin*, 393 F. Supp. 3d at 216 (reducing recorded hours where entries were duplicative and counsel "billed at least 7.8 hours of phone calls with Plaintiff, opposing counsel, or other unidentified individuals without explaining the nature or subject of the phone call").

The Court, therefore, imposes a 20% reduction on all hours expended, to be calculated after the 50% reduction in the Hodge and North Sea Actions. *See, e.g.*, *Penberg*, 2011 WL 1100103, at *9 (instituting an additional 25% reduction in hours sought given the vagueness and block-billing in many of the time entries, after reducing hours by 10% where billing records were manually changed); *Monette v. Cnty. of Nassau*, No. 11-CV-539, 2016 WL 4145798, at *8–*9 (E.D.N.Y. Aug. 4, 2016) (collecting cases and applying 20% across-the-board reduction in hours due to, *inter alia*, vague and block-billed time entries and billing for clerical or administrative work); *cf. Beastie Boys v. Monster Energy Co.*, 112 F. Supp. 3d 31, 57 (S.D.N.Y. 2015) ("Fee reductions around 30% are, further, common in this District to reflect considerations of whether work performed was necessary, leanly staffed, or properly billed.").

### III.    Total Fee Award

The Court thus awards the Fee Applicants $24,731.20 in attorney's fees for 88.8 hours of work, as indicated below, which accounts for the 50% initial deduction on the Hodge and North Sea Actions and the 20% overall reduction in the hours expended.

| Attorney/ Paralegal | Rate | Hours After 50% Deduction | Hours After 20% Deduction | Total Fees |
|---|---|---|---|---|
| C. Buckey | $450/hour | 37.3 | 29.84 | $13,428 |
| T. Chorba | $200/hour | 69 | 55.2 | $11,040 |
| Unnamed Paralegal | $70/hour | 4.7 | 3.76 | $263.20 |

An award for 88.8 hours of work is reasonable for the time involved in making the remand motions (or their equivalent in pre-motion letters) in multiple cases, and is also consistent with fee awards in other similar lawsuits.  See e.g., *Garden Care Ctr., Inc.*, 2022 WL 2834940, at *7 (awarding Healthcare Defendants and Ira Lipsius attorney's fees for 110.6 hours associated with their remand motions); *Kahlon v. Yitzhak*, 270 F. Supp. 3d 583, 592 (E.D.N.Y. 2017) (awarding fees for 32.61 hours spent on motion to remand).

## CONCLUSION

For the reasons stated above, the motion for attorney's fees is granted in part. Based on the hourly rate and the number of hours billed on the motions to remand as modified above, the Court awards the Fee Applicants $24,731.20 in attorney's fees.

SO ORDERED.

*/s/ Sanket J. Bulsara*  March 7, 2023
SANKET J. BULSARA
United States Magistrate Judge

Brooklyn, New York